NOT DESIGNATED FOR PUBLICATION

No. 116,728

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC JAMES REDUS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed September 1, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).


Before MALONE, P.J., PIERRON and BRUNS, JJ.


PER CURIAM: Eric James Redus appeals from the district court's granting of a motion to correct illegal sentence. In granting the motion, the district court imposed lifetime postrelease supervision for his conviction of aggravated indecent solicitation of a child. On appeal, Redus argues that his sentence was unconstitutional, in violation of the Eighth Amendment of the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. Nevertheless, Redus concedes that the Kansas Supreme Court has ruled that a lifetime postrelease supervision sentence is not unconstitutionally disproportionate for an aggravated indecent solicitation of a child conviction. Thus, we affirm the district court's imposition of lifetime postrelease supervision.

1

On May 26, 2011, the State charged Redus with two counts: one count of aggravated indecent liberties with a child, in violation of K.S.A. 2010 Supp. 21-3504(a)(3)(A), and one count of aggravated indecent solicitation of a child, in violation of K.S.A. 21-3511(a). On September 6, 2011, the State filed an amended complaint, adding a count of criminal threat, in violation of K.S.A. 2010 Supp. 21-3419(a)(1). On January 3, 2012, the State filed a second amended complaint and added another count of aggravated indecent liberties.

Prior to a jury trial, Redus entered into a plea agreement with the State. In the agreement, Redus agreed to plead guilty to one count of aggravated indecent solicitation of a child, to forego the filing of a motion for a downward departure or other sentence modification, and to register as a sex offender under the Kansas Offender Registration Act. In exchange, the State agreed to dismiss all remaining charges against Redus, to recommend a sentence in the middle of the guideline range, and to forego the filing of a motion for upward departure or other sentence modification. The district court accepted Redus' plea and found him guilty of aggravated indecent solicitation of a child.

At the sentencing hearing held on January 13, 2014, the district court sentenced Redus to 32 months in prison, with postrelease supervision for a period of 24 months. However, on March 17, 2014, the Sentence Computation Unit of the Kansas Department of Corrections sent a letter to the district court advising that K.S.A. 2013 Supp. 22-3717(d)(1)(G) and (d)(5)(G) required the imposition of lifetime postrelease supervision. Subsequently, the State filed a motion to correct illegal sentence requesting that the district court order lifetime postrelease supervision.

On May 2, 2016, the district court held a hearing on the motion to correct illegal sentence. By the time of the hearing, the State had released Redus from custody and he

was on postrelease supervision. After hearing the arguments of the parties, the district court granted the State's motion to correct illegal sentence and imposed lifetime postrelease supervision. Redus timely appealed and we granted a motion for summary disposition of sentencing pursuant to Supreme Court Rule 7.041A (2017 Kan. Ct. R. Annot. 48).

ANALYSIS

On appeal, Redus argues that the district court erred by granting the State's motion to correct an illegal sentence. Specifically, Redus asserts that lifetime postrelease supervision for aggravated indecent solicitation of a child is categorically unconstitutional. Redus candidly admits, however, that the Kansas Supreme Court has previously held that a sentence of lifetime postrelease supervision for a conviction of aggravated indecent solicitation is not unconstitutional under either the United States Constitution or the Kansas Constitution. *State v. Cameron*, 294 Kan. 884, 898, 281 P.3d 143 (2012).

In *Cameron*, the defendant entered a guilty plea to three counts of aggravated indecent solicitation of a child and the district court imposed lifetime supervision. On appeal, our Supreme Court examined whether lifetime postrelease supervision for an aggravated indecent solicitation of a child conviction was unconstitutional under either the Eighth Amendment of the United States Constitution or § 9 of the Kansas Constitution Bill of Rights.

The *Cameron* court noted that many jurisdictions require lifetime postrelease supervision for sexually violent crimes. Likewise, our Supreme Court found that lifetime postrelease supervision serves the penological goals of rehabilitation and incapacitation. 294 Kan. at 897-98. As such, it held that lifetime postrelease supervision is not categorically disproportionate for an aggravated indecent liberties with a child

3

conviction. Therefore, lifetime postrelease supervision for aggravated indecent solicitation of a child is neither cruel nor unusual under the Eighth Amendment of the United States Constitution. 294 Kan. at 898.

Next, the *Cameron* court turned to an analysis under § 9 of Kansas Constitution Bill of Rights analysis. In doing so, our Supreme Court applied the three-factor analysis found in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). 294 Kan. at 889-95. In comparing the imposition of lifetime postrelease supervision as part of a sentence for an aggravated indecent solicitation of a child conviction to other Kansas crimes and a similar crime in other jurisdictions, our Supreme Court concluded that lifetime postrelease supervision was proportionate to the nature of the crime of conviction. 294 Kan. at 892-94. The *Cameron* court then looked at the nature of the offense—which involved a serious crime involving a 12-year-old victim—and the character of the offender to determine that there had not been a violation of the Kansas Constitution. 294 Kan. at 892.

Here, the State proffered evidence that Redus—who was 21 years old at the time—asked his 15-year-old girlfriend to set up a sexual encounter involving himself, his girlfriend, and a 12-year-old girl. This was a serious crime and Redus did not raise any quality of his character to mitigate his sentence. As we are duty bound to follow Kansas Supreme Court precedent, absent some indication that it is departing from its previous position, we find that *Cameron* is controlling in this case. Therefore, we conclude that the imposition of lifetime postrelease supervision under these circumstances is not unconstitutional under either the United States Constitution or the Kansas Constitution.

Affirmed.

4